UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH MENIS, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00444 - --- - JLT<br><br>ORDER DIRECTING THE CLERK TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THE ACTION<br><br>FINDINGS AND RECOMMENDATIONS REMANDING THE MATTER TO KERN COUNTY SUPERIOR COURT FOR LACK OF JURISDICTION |

　　　　Defendants Kenneth Menis and Mary Menis seek the removal of the unlawful detainer action initiated by Wells Fargo Bank, N.A. in Kern County Superior Court, Case No. S-1500-CL-288527.[1] (Doc. 1 at 1-2, 5.) Because an action for unlawful detainer arises under California law, the Court lacks subject matter jurisdiction over the complaint. Accordingly, the Court recommends the action be **REMANDED** to Kern County Superior Court.

I.　　**Removal Jurisdiction**

　　　　Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The accuracy of the Court's records cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980). Therefore, judicial notice is taken of the docket and complaint filed in Case No. S-1500-CL-288527.

where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). If there is any doubt as to the right of removal, "federal jurisdiction must be rejected." *Duncan*, 76 F.3d at 1485.

The district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction"). Thus, the Sixth Circuit explained that a court "can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

**II.     Discussion and Analysis**

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's

1  right to relief necessarily depends on resolution of a substantial question of federal law." *Williston*
2  *Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100
3  (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28
4  (1983)).

5        Although Defendants argue the plaintiff raised a federal cause of action in the complaint, the
6  only cause of action is for unlawful detainer. (*See* Doc. 1 at 9.)  Significantly, an unlawful detainer
7  action does not arise under federal law, but arises instead under state law.  *See Fannie Mae v. Suarez*,
8  2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly
9  within the province of state court"); *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist.
10  LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful
11  detainer, a cause of action that is purely a matter of state law").  Thus, because the only claim
12  appearing on the face of the complaint is unlawful detainer, the plaintiff has not raised a claim that
13  invokes federal subject matter jurisdiction.

14        In addition, Defendants seek to invoke federal jurisdiction because they claim the plaintiff
15  violated the Protecting Tenants at Foreclosure Act of 2009 by giving insufficient notice prior to filing
16  the eviction proceeding. (Doc. 1 at 2-3).  However, claims arising under the Protecting Tenants at
17  Foreclosure Act are "best characterized as defenses or potential counterclaims; neither of which are
18  considered in evaluating whether a federal question appears on the face of a plaintiff's complaint.  *First*
19  *Northern Bank of Dixon v. Hatanaka*, , 2011 U.S. Dist. LEXIS 145066, at *11-12 (E.D. Cal. Dec.16,
20  2011) (citing  *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)).  Moreover, "federal district courts
21  have held that the Protecting Tenants at Foreclosure Act does not create a federal private right of
22  action." *Aurora Loan Servs., LLC v. Montoya*, 2011 U.S. Dist. LEXIS 129905, at *7, n. 3 (E.D. Cal.,
23  Nov. 9, 2011).  Accordingly, the Court does not have jurisdiction over the action based upon
24  Defendants' claim that the plaintiff violated the Protecting Tenants at Foreclosure Act.

25  **III.     Conclusion**

26        Because there is no federal question appearing in the complaint, the Court cannot exercise
27  jurisdiction over this action and the matter must be remanded to the state court.  *See* 28 U.S.C. §
28  1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded").

Good cause appearing, the Clerk of Court is **DIRECTED** to assign a United States District Judge to this action

**IV.     Findings and Recommendations**

Based upon the foregoing, **IT IS HEREBY RECOMMENED**:

1.     The matter be **REMANDED** to the Superior Court of Kern County; and

2.     The Clerk of Court be **DIRECTED** to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **March 25, 2015**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

4